FRED SCHNEIDER, Plaintiff, v. CITY OF ROME, ITALY, Defendant.

City Court of the City of New York, Special Term, New York County, November 10, 1948.

*Cravath, Swaine & Moore* for defendant appearing specially.

*Irving D. Friedman* for plaintiff.

BYRNES, Ch. J. The defendant, having appeared specially, asserts that it is immune from the process of this court by reason of its alleged sovereignty.

Although it is true that a person, agency or instrumentality representing a foreign sovereign is immune from suit, it does not necessarily follow that a so-called subdivision of a sovereign power is immune. In *Sullivan* v. *State of Sao Paulo* (122 F. 2d 355) sovereign immunity was extended to one of the constituent States of the United States of Brazil. In a concurring opinion (pp. 360–361) LEARNED HAND, J., took the view that the position of our Department of State in that particular situation made it necessary " for the district court not to proceed." He indicated his unwillingness to hold " without more that each of the federated states of Brazil is immune from suit ", and continued, " Possibly that is true, for those states do indeed have large governmental powers; but so have many cities, and I should hesitate to hold that every political subdivision was immune which exercised substantial governmental powers." The analogy, in the Federal system of Brazil, between one of the States of that republic and one of the United States was pointed out in the opinion of CLARK, J., as one, at least, of the grounds for holding the State of Sao Paulo immune from suit. That the City of Rome is a " political subdivision " of the Italian Government which exercises " substantial governmental powers " is not alone sufficient to render it immune.

On this motion the City of Rome has submitted several unsworn opinions by an Italian lawyer, which, of course, being unsworn, have no evidentiary value. Moreover, these opinions are inconclusive and do not really determine the point of immunity. The statements contained in those opinions add up to no more than a conclusion, on the part of this Italian lawyer, that the City of Rome " is an administrative subdivision of the Republic " and that it exercises " a considerable portion of the public administration "; that it is " an instrument " of the " executive or, if preferred, administrative, power." But as pointed out, the mere exercise of some and even substantial governmental powers is not of itself sufficient to invest the City of Rome with immunity.

The generalities contained in the various opinions presented by the defendant do not satisfy me. It does not appear that the Department of State has taken any position in the matter. The position of that department would, of course, be determinative.

The defendant also asserts that under " certain exchange legislation at present in force in Italy regarding the monopoly of exchange dealings," the fund which has been attached in this action " pertains exclusively to the Italian Exchange Office for account and for the interest of the State Treasury." The evidence as to the interest of the sovereign State of Italy in this fund is, however, by no means clear. The so-called " Declaration of Italian Foreign Exchange Control," an unauthenticated and unsworn copy of which is annexed to defendant's papers, does not establish with definiteness or certainty the interest, if any, of the Italian Government in the attached fund.

It seems to me, therefore, that there are issues here which should be sent to a referee to hear and to report, together with his opinion. (*Telkes* v. *Hungarian Nat. Museum,* 265 App. Div. 192.)

Accordingly, the issues of fact and law (1) as to whether the defendant, City of Rome, Italy, has sovereignty rendering it immune from suit; (2) whether the interest of the Government of the Republic of Italy in the attached fund is of such a character as to entitle the fund to immunity; and (3) any other issues of fact or law involved in this application, are referred to MAX J. WOLFF, Esq., referee of this court, to hear and report, together with his opinion. Pending the report of the referee, decision of the motion is held in abeyance.